# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

MURRAY POTTER,

              Plaintiff,

v.

DETECTIVE FRANK TORRES
and CITY OF LAS CRUCES,

              Defendants.

## COMPLAINT

This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against Detective Frank Torres and the City of Las Cruces. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343. Plaintiff seeks money damages resulting from the deprivation of his constitutional rights caused by false arrest and malicious prosecution. This action is filed within the applicable statute of limitations if filed on or before August 14, 2020.

It is alleged that Defendants deprived Murray Potter of his rights to be free from unreasonable seizure and to due process in effecting the arrest of Plaintiff, seeking an extraordinarily high bond, and by charging Plaintiff with a violent felony when Plaintiff was in fact a victim of a violent crime.

All charges against Plaintiff were dismissed by the Third Judicial District Attorney's Office on August 14, 2017, prior to a preliminary hearing or grand jury.

## PARTIES

1. Murray Potter was at all times relevant to this action a resident of New Mexico.

2. Defendant Frank Torres was at all times relevant to this action a duly-appointed peace officer of the State of New Mexico, employed by the City of Las Cruces, and acting under color of law.

3. Defendant City of Las Cruces is a municipality in the State of New Mexico and a public employer of Defendant Torres.

## FACTS

4. On Friday,April 13, 2017, at approximately 1:30 am, Murray Potter and his wife Connie were alone in their home in Las Cruces when their home was invaded, resulting in visible injury to Murray Potter and theft of his firearm.

5. Connie fled the home and dialed 911 while Murray attempted to defend his home, himself, and his wife with his .38 pistol.

6. Connie reported to dispatch that their home had been burglarized.

7. Within minutes, multiple Las Cruces Police Department police cars arrived at the Potter residence. The uniformed officers were acted professionally and showed appropriate concern over this middle of the night home invasion and violent attack against the elderly couple.

8. Photographs were taken at the scene of Murray Potter's injured right hand (cut during the struggle over his gun).

9. The initial responding officer listed Murray Potter as the "victim" on the incident report, while listing the home-invading Anthony Baca as the "suspect."

10. Most of the patrol officers on scene were very familiar with Anthony Baca, who has a lengthy criminal record involving theft, violent crimes and use of deadly weapons. One or more officers proceeded to Mr. Baca's known residence. There, they caught Anthony Baca in the act of burying the .38 pistol in a flower pot outside his apartment.

11. Detective Frank Torres was called out to the Potter home and personally observed the fresh cuts to Murray's hand.

12. When Detective Torres and the other officers left their home, the Potters were relieved that the person who invaded their home was apprehended so quickly and that their stolen firearm had been recovered and taken off the streets.

13. On Monday, April 17, 2017, Connie Potter called LCPD to get information about Anthony Baca's arrest, she was quite upset upon learning that Baca had not been arrested. She complained to Detective Torres' supervisor.

14. Within a few hours of making that complaint about Defendant Torres, two LCPD uniformed officers rang the bell at the Potter residence and asked Murray Potter to step outside.

15. Thinking the officers were simply following up on the invasion of his home, Murray stepped out onto the porch to talk to the officers.

16. Murray Potter was placed in handcuffs and told he was under arrest.

17. The arrest was in response to an arrest warrant sworn out by Detective Torres just moments earlier. The warrant on its face failed to establish probable cause and Detective Torres left out a great deal of relevant, exculpatory facts in his affidavit for arrest warrant.

18. Murray Potter was charged in the complaint drafted and sworn to by Detective Torres with one count of Aggravated Assault with a firearm, a felony in New Mexico.

19. Murray Potter was driven to the Dona Ana County Detention Center and booked on a $30,000 bond. Detective Torres requested that high bond despite Murray Potter having long-standing ties to Las Cruces and no criminal record.

20. Connie Potter paid $3000 to Dario Gomez Bail Bonds to post the bond for her elderly, medically-distressed husband.

21. Murray Potter hired The Lahann Law Firm to defend him against the false and illegal criminal charge filed against him by Detective Frank Torres.

22. The Third Judicial District Attorney filed a Notice of Dismissal of the criminal charge against Murray Potter on August 14, 2017, prior to a probable cause hearing.

23. Murray Potter suffered damages as a result of his unlawful arrest and malicious prosecution. He suffered fright, confusion and humiliation by being arrested on his porch in view of his neighbors. He was deprived of his medically-prescribed pain medication for over 12 hours while he was in custody, resulting in agony. He had to use community funds to pay for a bond agent and a criminal defense lawyer.

24. Murray Potter suffered mental distress and has been diagnosed with Post-Traumatic Stress Disorder as a result of his unlawful arrest. He was treated for over two years by a therapist for this condition; however he continues to suffer "triggers" when he hears the doorbell at his home or when he sees a marked police vehicle. His quality of life has deteriorated as a direct result of Detective Torres' malicious and reckless disregard for his rights.

25. To add insult to injury, to this day Anthony Baca has never been arrested or charged for his midnight violent home invasion.

26. As a result of this wrongful arrest and prosecution, Murray Potter was ordered not to leave the State of New Mexico. That restriction would later be lifted, but not in time for Murray to make it to Portland, Oregon in time to say goodbye to his mother, who passed away on Friday, April 20, 2017 following a massive stroke. Had Murray Potter not been unlawfully arrested and prosecuted by Detective Torres, he would have been free to fly to Portland to spend his dying mother's last few days giving her love, aid and comfort.

27. The actions of Defendant Frank Torres violated the following clearly established and well-settled federal constitutional rights of Murray Potter:

    a. To be free from unreasonable seizure of his person; and

    b. To be free from deprivation of his liberty without due process.

COUNT 1:   42 U.S.C. § 1983 (FALSE ARREST) Against Defendant Frank Torres

28. Paragraphs 1-27 are incorporated herein as if fully set forth.

29. Plaintiff Murray Potter claims damages for injuries set forth above under 42 U.S.C. § 1983 for the violation of his constitutional rights under color of law by Defendant Frank Torres for causing the false arrest of Plaintiff.

COUNT 2:   42 U.S.C. § 1983 (MALICIOUS PROSECUTION) Against Defendant Frank Torres

30. Paragraphs 1-29 are incorporated herein as if fully set forth.

31. Plaintiff Murray Potter claims damages for injuries set forth above under 42 U.S.C. § 1983 for the violation of his constitutional rights under color of law by Defendant Frank Torres for initiating and continuing the illegal and malicious prosecution of Murray Potter.

COUNT 3: 42 U.S.C. § 1983 (NEGLIGENT SUPERVISION AND TRAINING) Against Defendant City of Las Cruces

32. Paragraphs 1-31 are incorporated herein as if fully set forth.

33. Defendant City of Las Cruces engaged in a custom or pattern of failing to properly train and supervise its law enforcement officers, the result of which led to Defendant Frank Torres maliciously and with reckless disregard for Murray Potter's constitutional right falsely arresting and

prosecuting Murray Potter for an incident in which he was the victim of an unprovoked, violent crime.

34. Defendant City of Las Cruces, through its supervisors and policy makers, has acted in deliberate indifference to the rights of the citizens.

WHEREFORE Plaintiff requests that this Court:

    a.  Award compensatory damages to Plaintiff for the damages he has suffered by the actions of Defendants, jointly and severally;

    b.  Award the costs of this action to Plaintiff;

    c.  Award reasonable attorney's fees;

    d.  Award such other relief as the Court deems appropriate.

A jury trial is demanded.

THE LAHANN LAW FIRM

*/s/*Jeff Lahann

Attorney for Plaintiff
665 E. University Ave.
Las Cruces, NM 88005
575-523-4394
jeff@lahannlaw.com