IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MURRAY POTTER,

       Plaintiff,

v.                                                              No. 2:20-cv-823 KWR/KRS

FRANK TORRES and
CITY OF LAS CRUCES,

       Defendants.

**ORDER GRANTING MOTION TO EXTEND DEADLINES**

**THIS MATTER** is before the Court on Plaintiff's Motion to Extend Deadlines, (Doc. 37), filed July 21, 2021.  Defendant filed a response on August 4, 2021, (Doc. 42), and Plaintiff filed a reply on August 11, 2021, (Doc. 44).  Having considered the parties' briefing, the record of the case, and relevant law, the Court grants the Motion.

Plaintiff asks the Court to extend the pretrial deadlines in this case by sixty days due to Plaintiff's counsel's need to close her practice and transition this case to new counsel.  (Doc. 37) at 1-2.  Defendants oppose the Motion, stating sixty days is too long, but they would not oppose a thirty-day extension of some of the deadlines.  (Doc. 42) at 2.  Defendants note the pretrial deadlines have already been extended once by sixty days, and state that Plaintiff provided his expert disclosure after filing the Motion to Extend.  *Id.* at 10-11.  Defendants question whether Plaintiff has exercised due diligence in complying with the deadlines, and they argue it is premature to amend the scheduling order again since Plaintiff has not yet moved to withdraw and substitute counsel.  *Id.* at 11-12.  In Plaintiff's reply, Plaintiff's counsel states she has been working to find replacement counsel on all of her civil and criminal cases and to close her law

office, and that she has had limited assistance from her paralegal due to the paralegal moving to a private contract business. (Doc. 44).

A party requesting extension of scheduling order deadlines must make a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4) (requiring that a scheduling order may be modified "only for good cause and with the judge's consent"). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Assn.*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation omitted). The Court finds that Plaintiff has shown good cause for extending the deadlines in this case by sixty days. Plaintiff's counsel's need to close her law practice and efforts in finding substitute counsel are sufficient to warrant an extension of time, and a sixty-day extension is not excessive especially since the case is not currently set for a settlement conference or trial.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Extend Deadlines, (Doc. 37), is GRANTED and the deadlines in this case are extended as follows:

| | |
|---|---|
| Plaintiff's Expert Disclosure: | September 20, 2021 |
| Defendants' Expert Disclosure: | October 22, 2021 |
| Termination of Discovery: | November 22, 2021 |
| Motions Related to Discovery: | December 7, 2021 |
| Dispositive Motions: | December 27, 2021 |
| Pretrial Order: Plaintiff to Defendants: | January 28, 2022 |
| Defendants to the Court: | February 11, 2022. |

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE