# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MURRAY POTTER,

        Plaintiff,

v.

                                                                                                   No. 2:20-cv-823 KWR/KRS

FRANK TORRES and
CITY OF LAS CRUCES,

       Defendants.

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL

THIS MATTER is before the Court on Defendants' Motion to Compel, (Doc. 41), filed July 28, 2021. Plaintiff filed a response to the Motion to Compel on August 9, 2021, and Defendants filed a reply on August 24, 2021. (Docs. 43, 48). Having considered the parties' briefing, the record of the case, and relevant law, the Court will grant in part the Motion to Compel.

Plaintiff brings claims under 42 U.S.C. § 1983 against Defendant Torres for false arrest and malicious prosecution, and against Defendant City of Las Cruces for Negligent Supervision and Training. (Doc. 1). Plaintiff contends that in April 2017, Plaintiff's wife contacted the police and claimed Anthony Baca invaded their home and stole Plaintiff's firearm. Several officers, including Defendant Torres, contacted Mr. Baca about the incident, and Mr. Baca asserted that Plaintiff assaulted him and fired at him. Defendant Torres returned to Plaintiff's home and arrested Plaintiff for assaulting Mr. Baca. *Id.* at 2-4. Plaintiff was charged with aggravated assault with a firearm, but the charge was dismissed prior to a probable cause

hearing. *Id.* at 4. Plaintiff claims he suffered monetary damages as well as emotional and mental distress as a result of his arrest. *Id.* at 4-5. Defendants assert they acted upon sufficient probable cause to charge Plaintiff with aggravated assault. (Doc. 14) at 4-5.

**1. Interrogatory No. 10**

Defendants seek an order compelling Plaintiff to respond to Interrogatory 10, which asks for information regarding all of Plaintiff's past arrests, charges, and convictions, whether for a felony or a misdemeanor. (Doc. 41-6) at 4. Plaintiff objects that the interrogatory is overly broad because it is not restricted in terms of time or nature of the case, and that it is not reasonably calculated to lead to relevant evidence. Plaintiff further states that he has no convictions that could be used for impeachment purposes under Federal Rule of Evidence 609. *Id.* Defendants agreed to limit the request to Plaintiff's criminal arrests, charges, and convictions as an adult. (Doc. 48) at 2, 4. Plaintiff maintains his objections to the interrogatory, explaining that given Plaintiff's age, it still encompasses almost five decades of charges. (Doc. 43) at 2.

The proper scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information sought is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* While the scope of discovery is broad, a court is not required to permit parties "to engage in a fishing expedition in the hope of supporting" their claims. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *McGee v. Hayes*, 43 Fed. Appx. 214, 217 (10th Cir. 2002).

Defendants argue Plaintiff's prior arrests, charges, and convictions are relevant to Plaintiff's claim that he suffered from post-traumatic stress disorder as a result of his 2017 arrest and prosecution. (Doc. 41) at 8. Defendants assert that if Plaintiff has been arrested multiple

times, they can argue that the 2017 arrest was not Plaintiff's only experience with the criminal justice system and refute his claim that it caused his mental distress. *Id.* at 8-9. The Court agrees that Plaintiff's criminal history may be relevant to his emotional distress damages in relation to his false arrest and malicious prosecution claims. *See Herrera v. Santa Fe Pub. Sch.*, 2013 WL 4782160, at *15 (D.N.M.) ("[T]he Court has found on many occasions that [other] arrests are probative of a plaintiff's alleged emotional distress damages in relation to a false arrest claim, and that the arrests' probative value outweighs the danger of unfair prejudice."). However, the Court finds that ten years of criminal records are sufficient to address Defendants' contentions regarding Plaintiff's damages claims. *See Tarin v. RWI Constr., Inc.*, 2012 WL 13076518, *2 (D.N.M.) (finding criminal records for past ten years were sufficient to address the plaintiffs' damages claims). Therefore, the Court will grant this request in part and order Plaintiff to supplement his response to Interrogatory No. 10 to include information about his criminal history for the past ten years.

### 2. Requests for Production 1-5

Next, Defendants seek to compel Plaintiff to supplement his responses to Requests for Production ("RFP") 1-5. (Doc. 41) at 10. RFPs 1-4 ask for records supporting Plaintiff's claims and RFP 5 asks for statements collected from or provided by persons having knowledge of facts or issues relating to the lawsuit. (Doc. 41-7). Plaintiff produced 149 pages of documents responsive to these requests and organized them by records from the police department, medical records, and legal records. (Doc. 43) at 4. Plaintiff states he has not withheld any relevant documents other than correspondence from Plaintiff to his counsel. *Id.* at 5. Defendants contend

that Plaintiff improperly failed to specify which document is responsive to each RFP and failed to produce a privilege log of the withheld documents. (Doc. 41) at 12-13.

The Court finds these arguments are without merit. Plaintiff has explained that his claims "are not discrete" and that all the documents he produced support all of his claims. (Doc. 43) at 4. Rule 34(b)(2)(E) provides that a party may produce documents "as they are kept in the usual course of business <u>or</u> must organize and label them to correspond to the categories in the request." (emphasis added). Plaintiff has sufficiently complied with the "usual course of business" portion of the rule by producing 149 pages organized by police, medical, and legal records. Moreover, Plaintiff has explained that each document he produced is responsive to each of the disputed RFPs. Defendants have not established that any further organization is required.

Regarding the withheld communications, Rule 26(b)(5)(A) requires a party who withholds privileged information that is otherwise discoverable to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Here, Plaintiff has described the withheld documents as correspondence he sent his counsel about the case. Defendants ask Plaintiffs to provide a log of "how many pieces of correspondence have been withheld, when they were exchanged, and what the subject matter was." (Doc. 41) at 13-14. However, Defendants do not explain why this information would enable them to assess the privilege claim. Indeed, Defendants provide no arguments as to how these documents might not be privileged. The Court agrees with Plaintiff that requiring a log of all communications with his counsel would be unduly burdensome and is not required unless

Defendants present an argument that the communications may not be privileged. *See also* Fed. R. Civ. P. 26(c) (providing that courts may issue an order to protect a party from undue burden).

IT IS THEREFORE ORDERED, for the reasons stated above, that Defendants' Motion to Compel, (Doc. 41), is granted in part and denied in part. **Within 20 days of entry of this Order**, Plaintiff shall supplement his response to Interrogatory No. 10 to include information about his criminal history for the past ten years.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE