**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MURRAY POTTER,**

     Plaintiff,

**v.**                                                                   **CIV-20-00823 KWR/KRS**

**DETECTIVE FRANK TORRES,**
**and CITY OF LAS CRUCES,**

     Defendants.

## STIPULATED CONFIDENTIALITY ORDER

The Parties have agreed that certain information that is the subject of discovery and disclosures in this case may be confidential, including, but not limited to: information on Plaintiff's medical history, Social Security disability, bank and financial accounts; information the City of Las Cruces maintains on its police officers in personnel files, disciplinary files, internal affairs ("IA") files; personal identifier information on third-parties that is maintained in the City of Las Cruces Police Department ("LCPD") files relating to citizen complaints or IA complaints or investigations. Therefore, the Parties have requested the Court to enter this Order to protect certain confidential materials from public disclosure.

Pursuant to this unopposed request and Fed. R. Civ. P. 26(c), the Court finds that this Order is warranted, and enters the following protective order.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** that:

A.      The Parties may designate as "Confidential" any information, documents and other materials, including, but not limited to information and documents voluntarily produced as or in connection with initial or supplemental disclosures, answers to interrogatories, responses to requests

for production, responses to requests for admissions, documents produced pursuant to any other discovery order or rule, and deposition transcripts or recordings of depositions, produced, served or made in response to any discovery conducted by the Parties in the above-captioned matter, and this Order shall govern the treatment thereof.  By designating material as Confidential, the parties and their counsel represent that they have a good faith belief that the materials so designated contain sensitive, non-public, confidential information.

B.      As used in this Order, "Confidential Materials" shall refer to any document, answer to interrogatory, response to request for admission, deposition transcript, or other discovery materials, or any portion thereof, which is designated "Confidential" by any party to this lawsuit; provided, however, the Parties may not designate as "Confidential" a document or exhibit that is produced by a Party other than itself. The Parties may designate as "Confidential" any document, answer to interrogatory, response to request for admission, deposition transcript, or other discovery materials that counsel in good faith believes merits protection.

C.      Upon producing any document or other discovery material, the producing Party may designate all or any portion or portions thereof as "Confidential." The Parties may designate any portion of any deposition transcript as "Confidential."

D.      This Order does not compromise any party's ability to challenge the designation of any document or other discovery material as "Confidential" by bringing the designation to the attention of the Court by appropriate motion.  The designated confidential status of such information shall be preserved pending disposition of the motion.

E.      Confidential Material shall be disclosed only to the Parties (or their officers, employees, agents, or insurers to whom it is necessary that such information be shown in the preparation of trial of this action), attorneys for named Parties in this action (including their legal

2

staff), and outside expert witnesses employed by the Parties or their attorneys for this action. All such persons shall use such Confidential Materials solely in the preparation for trial of this action and for no other purpose. All outside expert witnesses employed for this action shall sign a copy of this Order, which shall be retained by the attorney by whom they were employed. By signing a copy of this Order each such person agrees to be bound by the terms of the Order and to be subject to the jurisdiction of this Court.

F.     Confidential Materials may be disclosed to deponents during the course of their depositions. However, the attorney disclosing such Confidential Materials must advise the deponent on the record that, pursuant to this Order, such person may not divulge such Confidential Materials to any other person. Upon receipt of such advice, the deponent will be under the same restrictions with respect to such Confidential Materials as the Parties hereto.

G.     Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the Confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  In the event such meeting and conferring is not feasible in advance of filing, the filing party shall file the materials under seal or in redacted form pending the resolution of such meet and confer.

H.     Personal identifier information (month and day of birth, Social Security number, telephone number, bank or financial account numbers) contained in Confidential Materials shall be redacted to protect the privacy of the individual identified. All Confidential Materials produced by any party shall be returned within thirty (30) days of the conclusion of this lawsuit.  Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, as well as: trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits;

expert reports, attorney work product; and consultant and expert work product, even if such records contain Confidential material.

I.      If documents, answers, or other discovery materials have been furnished, disclosed or produced prior to the entry of this Order but have been marked with the designation "Confidential," such documents, answers or other materials, including all copies thereof, shall be deemed to have been furnished as if this Order was in effect at the time such documents, answers or other discovery materials were furnished, filed or produced.

J.      Nothing contained in this Order shall preclude the producing Party from using, in any manner it sees fit, documents or information designated "Confidential" by the producing Party, or from revealing such "Confidential" documents or information to whomever it chooses, without prior consent of the nonproducing Party or of this Court.

K.      If a court or administrative body, other than those in which the litigation is pending, subpoenas or orders production of stamped "Confidential" documents, the Party to whom the subpoena or order is directed shall notify the Party who stamped the document as "Confidential" of the issuance of such subpoena or order in time to allow the Party who stamped the document as "Confidential" to contest the propriety of the subpoena or order.

L.      In the event of production or disclosure of any document or answer to interrogatory or request for admission which the producing Party believes in good faith should have been marked "Confidential" which is produced without that designation, the producing Party may, within forty-five days of the date of production, request the marking [and designation] of any such document or other materials as "Confidential" and thereafter such materials and all copies of it shall be subject to the provisions of this protective order respecting the treatment of materials so stamped.

M.     This Order only applies to pretrial disclosure and post-trial return of confidential materials.  The documents may be proposed as trial exhibits by either Party, and the use of the documents as trial exhibits shall be governed by the Court's evidentiary rulings, and any substantive law which may be applicable.

N.     This Order shall continue in force until amended or superseded by express order of this Court and shall survive any Final Judgment entered herein.


_____
The Honorable Judge Kevin Sweazea
UNITED STATES MAGISTRATE JUDGE

**RESPECTFULLY SUBMITTED BY:**

/s/ Philomena Hausler
Philomena Hausler
Luis Robles
Robles, Rael & Anaya, P.C.
500 Marquette Ave., NW, Suite 700
Albuquerque, New Mexico 87102
(505) 242-2228
luis@roblesrael.com
philomena@roblesrael.com

*Attorneys for City Defendants*

APPROVED BY:
Ramona J. Martinez-Salopek
Law Office of Martinez-Salopek, LLC
230 S. Alameda Blvd., Bldg. B
Las Cruces, NM 88005
(575) 541-0329
ramona@smslawnm.com

_/s/ Jamison Barkley_
Jamison Barkley
The Law Office of Jamison Barkley, LLC
316 Garfield St.
Santa Fe, NM 87501
(505) 995-9602
jamison@jamisonbarkley.com

_Attorneys for Plaintiff_